## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE: QADIYR SADIQ

     Debtor.                           Bankruptcy Case No. 3:24-bk-2053-BAJ

_____

QADIYR SADIQ,

     Appellant,


v.                                  Case No.  3:24-cv-1025-MMH


U.S. COURTS,

     Appellee.

_____

QADIYR SADIQ,
d/b/a Sadiq's Bistro,

     Appellant,


v.                                  Case No.  3:24-cv-775-MMH


DOUGLAS NEWAY and
HON. JASON BURGESS,

     Appellees.


_____

**O R D E R**

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Appellant, Qadiyr Sadiq, filed two appeals from the same underlying bankruptcy case. <u>See generally</u> Case Nos. 3:24-cv-775-MMH (First Appeal); 3:24-cv-1025-MMH (Second Appeal); 3:24-bk-2053-BAJ (Bankruptcy Case). In the First Appeal, Sadiq sought to take an interlocutory appeal of the Bankruptcy Court's order striking Sadiq's Form 101A. <u>See</u> Debtor's Notice of Appeal of Non-Final Order; Motion for San[c]tions; Motion to Stay All Action (Doc. 4-25), filed July 30, 2024; Order Striking Official Form 101A (Doc. 4-11), entered July 19, 2024. On September 11, 2024, after Sadiq initiated the First Appeal, the Bankruptcy Court entered a final order dismissing his bankruptcy case with prejudice and barring him from ever refiling in the United States Bankruptcy Court for the Middle District of Florida. <u>See</u> Order Dismissing Chapter 13 Case with Prejudice (Doc. 4-60; Dismissal Order). In the Second Appeal, Sadiq timely appeals that Dismissal Order. <u>See</u> Debtor's Notice of Final Order of Dismissal of Chapter 13 Case (Doc. 1; Second Appeal Notice), filed September 20, 2024. On December 19, 2024, the Court consolidated the two appeals under the later-filed case, Case No. 3:24-cv-1025. <u>See</u> Order (Doc. 8).

Notably absent from the record on appeal is a transcript of the hearing for the confirmation of Sadiq's Chapter 13 plan (Confirmation Hearing).[1] Because the challenged Dismissal Order states that "the [Bankruptcy] Court makes those findings announced on the record" at the Confirmation Hearing, see Dismissal Order at 1, the Court must determine whether appellate review is possible without a transcript of that hearing. Upon sua sponte review, the Court determines that appellate review is not possible without the transcript and will provide Sadiq an opportunity to order and provide the Court with the required transcript.

In the Dismissal Order, which the Bankruptcy Court entered after Sadiq failed to appear at the Confirmation Hearing, the Bankruptcy Court memorialized its findings that "the case was filed in bad faith, in the wrong venue, and in violation of the spirit and intent of the Bankruptcy Code." Id. Upon review of the briefing in this case, it appears that Sadiq seeks to challenge both the Bankruptcy Court's factual findings and its application of the law.[2]

---

[1] The Confirmation Hearing was scheduled in July and held on September 10, 2024. See Notice of Chapter 13 Bankruptcy Case (Doc. 4-15; Scheduling Notice), entered July 22, 2024.

[2] Because there is no apparent requirement that a Bankruptcy Court dismiss a case upon making a finding of bad faith, improper venue, or violations of the spirit and intent of the Bankruptcy Code, upon reaching the merits of this appeal, the Court will review the Dismissal Order for abuse of discretion. See Flaksa v. Little River Marine Const. Co., 389 F.2d 885, 887–88 (5th Cir. 1968) (explaining that a dismissal for failure to prosecute or comply with court orders may be exercised sua sponte and is reviewed for abuse of discretion); see also Fed. R. Bankr. P. 1014(a)(2) ("If a petition is filed in an improper district, the [Bankruptcy] [C]ourt

As to the Bankruptcy Court's factual finding that Sadiq filed his case "in bad faith," Sadiq contends that this was error and that his case was filed in good faith. See Appellant's Amended Initial Brief (Doc. 18; Second Appeal Amended Opening Brief), filed December 20, 2024, at 6 ("The debtor's Bankruptcy Case was filed in good faith."); Appellant's Response Brief to Appellee's Answer Brief (Doc. 21; Second Appeal Reply Brief), filed March 6, 2025, at 7 ("The debtor's Bankruptcy Case was filed in good faith."). "A bankruptcy court's determination whether a chapter 13 plan has been proposed in good faith is a finding of fact reviewable under the clearly erroneous standard." In re Brown, 742 F.3d 1309, 1315 (11th Cir. 2014) (citing Jim Walter Homes, Inc. v. Saylors (In re Saylors), 869 F.2d 1434, 1438 (11th Cir. 1989)). But because the Dismissal Order is devoid of any detail as to the basis of the Bankruptcy Court's finding of bad faith, the Court cannot review this finding for clear error without the Confirmation Hearing transcript.

---

may dismiss the case or may transfer it to another district[.]" (emphasis added)). "A bankruptcy court abuses its discretion when it either misapplies the law or bases its decision on factual findings that are clearly erroneous." In re Daughtrey, 896 F.3d 1255, 1274 (11th Cir. 2018).

    In citing to Flaksa, the Court notes that in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Central to Sadiq's challenge on appeal is his contention that the Bankruptcy Court entered the Dismissal Order without giving him sufficient notice or an opportunity to be heard. See generally Second Appeal Amended Opening Brief. But, the Court cannot evaluate this claim without a transcript of the Confirmation Hearing. This is so because in the Dismissal Order, the Bankruptcy Court does not identify the legal or factual basis of its decision, instead relying on the findings "announced on the record" at the Confirmation Hearing. See Dismissal Order at 1. Additionally, the intended scope of the directives in the Dismissal Order is unclear. To determine what notice was required and the extent of process due, the Court must consider the Bankruptcy Court's legal and factual findings as well as any clarifying information regarding the intended effect of the Dismissal Order.[3] In sum, because the Dismissal Order explains neither the basis of the Bankruptcy Court's factual

---

[3] In paragraph one of the Dismissal Order, the Bankruptcy Court states that "[t]he case is dismissed with prejudice." See Dismissal Order at 1. But in bankruptcy, "the term 'dismissal with prejudice' … can either permanently bar discharge of certain debts or it can trigger the bar to filing successive petitions under [11 U.S.C.] § 109(g)." In re Tomlin, 105 F.3d 933, 939 (4th Cir. 1997). 11 U.S.C. § 109(g) provides that "no individual … may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if … the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." In the Dismissal Order, the Bankruptcy Court does not specify what form of prejudice it intends paragraph one to carry. In paragraph five, the Bankruptcy Court states that Sadiq "shall be prohibited from filing any future bankruptcies under Title 11 … in the Middle District of Florida." Id. at 2. The Dismissal Order does not clarify whether paragraph five is intended to add additional gloss to paragraph one, or whether the two decretals represent distinct directives.

findings nor its application of the law and simply incorporates findings made in the Confirmation Hearing, the Court cannot review the order for abuse of discretion without a transcript of the hearing. See In re Harris, 464 F.3d 263, 269 (2d Cir. 2006) (Sotomayor, J.) ("[W]ithout a transcript of the proceedings, the district court did not have a complete record to review the bankruptcy court's findings.").

Under Rule 8009, Federal Rules of Bankruptcy Procedure (Bankruptcy Rule(s)), to include a transcript in a record on appeal, an appellant must "order in writing from the reporter, as defined in [Bankruptcy] Rule 8010(a)(1), a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk[.]" Fed. R. Bankr. P. 8009(b)(1). If the appellant is not ordering transcripts, he must "file with the bankruptcy clerk a certificate stating" that fact. Fed. R. Bankr. P. 8009(b)(2). In either situation, the appellant must file the pertinent document within 14 days of the notice of appeal's effective date. Fed. R. Bankr. P. 8009(a)(1). Then an appellee has 14 days to order transcripts if he so chooses. Fed. R. Bankr. P. 8009(a)(2). Notably, the Clerk of the Court directed Sadiq to the Bankruptcy Court website to order

transcripts. <u>See</u> Notice of Requirement to File Designation of Record and Statement of Issues (Doc. 4-67), filed September 20, 2024, at 3.[4]

The Court's review of the record reveals that, despite Bankruptcy Rule 8009's clear directives and the Clerk's instructions, Sadiq never filed an order for a transcript or a notice of intent not to order any. Indeed, Sadiq appears to be mistaken as to how transcripts are added to the appellate record. In his designation of the appellate record, he simply directs the Clerk of the Court to file transcripts on his behalf. <u>See</u> Debtor's Appeal Designations & Directions to the Clerk (Doc. 4-3), filed October 7, 2024, at 1 ("Directions to the Clerk to transmit exclusively for appeal to include the entire record of the [Bankruptcy] Docket, including transcripts and all motions filed by debtor."). This request to the Clerk was improper. By failing to order any transcripts or file a notice of intent not to do so, Sadiq violated Bankruptcy Rule 8009.

Because the Court cannot review the Bankruptcy Court's factual findings or application of the law without a transcript of the hearing in which the

---

[4] In the "Frequently Asked Questions" section of the Bankruptcy Court's website, litigants who want to order transcripts are directed to a list of certified court reporters available at https://www.flmb.uscourts.gov/court_reporters/. A more complete guide to ordering transcripts, which includes a link to a transcript order form, is available at https://www.flmb.uscourts.gov/proguide/documents.asp?ID=163. <u>See also</u> Rule 8009-1, Local Rules of the United States Bankruptcy Court for the Middle District of Florida (Bankruptcy Local Rule 8009-1) (requiring that any request for a transcript shall be accompanied by the transcript order form provided on the Bankruptcy Court's website).

Bankruptcy Judge made the findings, and considering Sadiq's <u>pro</u> <u>se</u> status as well as the interests of justice, the Court will exercise its authority under Bankruptcy Rule 8028 to suspend the timing requirement of Bankruptcy Rule 8009 and provide Sadiq an additional opportunity to obtain and file the necessary transcript. <u>See</u> Fed. R. Bankr. P. 8028 ("To expedite a decision or for other cause, a district court … may, in a particular case, suspend the requirements of these Part VIII rules, except [certain Bankruptcy Rules not including 8009]."); Fed. R. Bankr. P. 8009(e) (the bankruptcy court may certify and send a supplemental record if a material component is absent from the original record); <u>see also</u> <u>Harris</u>, 464 F.3d at 273 (explaining that dismissal of a bankruptcy appeal for failure to provide a transcript was inappropriate when, among other things, "the district court did not give [the <u>pro</u> <u>se</u> appellant] any opportunity to rectify the situation by obtaining the [required] transcript and placing it in the record before the court").[5] The Court cautions Sadiq that failure to timely produce the transcript **will result in dismissal of this appeal without further notice**. <u>See</u> Fed. R. Bankr. P. 8003(a)(2) ("An appellant's

---

[5] Because Sadiq receives service by mail, the Court will add three days to the normal fourteen-day window prescribed by Bankruptcy Rule 8009. <u>See</u> Fed. R. Civ. P. 6(d). As to the timeliness of Sadiq's filing, the Court notes that because Sadiq files documents by mail, the transcript order will be considered timely filed if it is mailed by first-class mail or the equivalent by the deadline set in this Order. <u>See</u> Fed. R. Bankr. P. 8011(a)(2). The Court cautions Sadiq that it will **not likely grant an extension of the deadline** absent exceptional circumstances.

failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court … to act as it considers appropriate, including dismissing the appeal.").

The record and briefing in this case do not appear to indicate that Sadiq challenges anything related to the meeting of the creditors (Creditors' Meeting), but if a transcript for the Creditors' Meeting is available, Sadiq is free to order it as well. See Scheduling Notice at 2 (scheduling the Creditors' Meeting for August 19, 2024); Bankruptcy Case docket entry of August 27, 2024 (noting that the Creditors' Meeting was continued to September 9, 2024). If Sadiq opts not to order a transcript of the Creditors' Meeting within the time allowed, the Trustee, as the appellee in the Second Appeal, may order it.

**No further briefing is permitted at this time**. If the Court determines that additional briefing is required in light of the transcripts filed, the Court may order additional briefing in due course.

Accordingly, it is

**ORDERED:**

1.  On or before **May 6, 2025**, Sadiq **shall** follow the procedures prescribed by Bankruptcy Rule 8009(b) and Bankruptcy Local Rule 8009-1 to order a transcript of the Confirmation Hearing (held on September 10, 2024) and file a copy of that order with the

Bankruptcy Clerk. Failure to comply with this directive **will result in the dismissal of this appeal without further notice**.

2.    On or before **May 6, 2025**, Sadiq **may** follow the procedures prescribed by Bankruptcy Rule 8009(b) and Bankruptcy Local Rule 8009-1 to order a transcript of the Creditors' Meeting (held on August 19, 2024, and continued to September 9, 2024) and file a copy of that order with the Bankruptcy Clerk. On or before the same date, Sadiq may order any other transcripts of proceedings before the Bankruptcy Court that he wishes to include in the record on appeal. If Sadiq does order additional transcripts, he must file copies of his orders with the Bankruptcy Clerk.

3.    On or before **May 20, 2025**, the Trustee **may**, in accordance with the procedures prescribed by Bankruptcy Rule 8009(b) and Bankruptcy Local Rule 8009-1, order and file orders for any transcripts that Sadiq has not ordered. To expedite resolution of this appeal, if the Trustee does not plan to order transcripts, he may file a notice to that effect at any time **after May 6, 2025**.

4. **No further briefing is permitted at this time**.

**DONE AND ORDERED** in Jacksonville, Florida this 18th day of April, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record