## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE: QADIYR SADIQ

      Debtor.                         Bankruptcy Case No. 3:24-bk-2053-BAJ

_____

QADIYR SADIQ,

      Appellant,


v.                                 Case No.  3:24-cv-1025-MMH


U.S. COURTS,

      Appellee.

_____

QADIYR SADIQ,
d/b/a Sadiq's Bistro,

      Appellant,


v.                                 Case No.  3:24-cv-775-MMH


DOUGLAS W. NEWAY,

      Appellee.

_____

## O R D E R

**THIS CAUSE** is before the Court on Hon. Jason Burgess's Response to Appellant's Opening Brief, and Motion to Strike Demand for Sanctions (Doc. 11; Bankruptcy Judge's Response and Motion), filed September 13, 2024.[1] The Court directed Appellant, Qadiyr Sadiq, to respond to the Bankruptcy Judge's Response and Motion. See Order (Doc. 13), entered October 7, 2024. Sadiq timely filed a response. See Appellant's Supplemental Response to Judges Order to Respond & Motion for a Change of Venue (Doc. 16; Sadiq's Response), filed October 30, 2024. Accordingly, this matter is ripe for review.

In this consolidated appeal, Appellant Qadiyr Sadiq challenges the Bankruptcy Court's order striking Sadiq's Form 101A[2] as well as the Bankruptcy Court's final judgment dismissing his case and barring him from filing future bankruptcy petitions in the United States Bankruptcy Court for the Middle District of Florida. See Debtor's Notice of Appeal of Non-Final Order; Motion for San[c]tions; Motion to Stay All Action (Doc. 9; First Appeal Notice),

---

[1] This case is a consolidated appeal of Case No. 3:24-cv-775-MMH (the First Appeal) and 3:24-cv-1025-MMH (the Second Appeal). See Order (Doc. 12), filed December 19, 2025. In this Order, unless otherwise noted, citations to document numbers refer to the docket in the Second Appeal. Many of the pertinent documents were originally filed in the First Appeal. As such, citations to the dates that documents were filed refer to the dates the documents were originally filed in the First Appeal, not to the dates the documents were docketed in the Second Appeal.

[2] Official Form 101A is a debtor's "Initial Statement About an Eviction Judgment Against You."

filed in Bankruptcy Court on July 30, 2024; Order Striking Official Form 101A (Doc. 4-11; 101A Order), entered in Bankruptcy Court on July 19, 2024; Appellant's Initial Brief (Doc. 10; Sadiq's Initial Brief), filed August 30, 2025; see generally the First Appeal; the Second Appeal; Case No. 3:24-bk-2053-BAJ (the Bankruptcy Case). In striking Sadiq's Form 101A, the Bankruptcy Judge noted that "Form 101A does not apply to residential tenants in Florida." See 101A Order at 2. Sadiq contends that the 101A Order violated his due process rights because the Bankruptcy Judge entered the order without providing him notice or a hearing. See Sadiq's Initial Brief at 6, 8. Sadiq further appears to argue that he was treated differently in the Bankruptcy Case because of his status as a minority. Id. at 9 (citing In re: Jefferey Leon Sutton, CN, Case No. 3:23-bk-334-JAB (M.D. Fla. Bankr.)).[3] In addition to asking the Court to vacate the 101A Order, Sadiq requests that the Court impose a $50,000 sanction against the Bankruptcy Judge. Id. at 8.

In support of this request for sanctions, in a conclusory fashion, Sadiq contends that the imposition of this sanction is warranted under Rule 11, Federal Rules of Civil Procedure (Civil Rule(s)). See id. Although his briefing is

---

[3] Sadiq attaches to his Initial Brief a partial transcript of a proceeding held in In re Sutton on August 9, 2025. The complete transcript can be found at Case No. 3:23-bk-334-JAB (M.D. Fla. Bankr.), Doc. 62.

difficult to understand, he appears to suggest that the imposition of the sanction is warranted because, by striking Sadiq's Form 101A, the Bankruptcy Judge violated his procedural due process rights and also discriminated against him due to his status as a minority. See id. at 8–9.

In response to Sadiq's Initial Brief, the Bankruptcy Judge filed the Bankruptcy Judge's Response and Motion, in which he moves to strike Sadiq's request for the imposition of sanctions against him. See Bankruptcy Judge's Response and Motion at 1.[4] In doing so, the Bankruptcy Judge contends that striking the request is warranted because "a) he is not a litigant subject to sanctions and equally fundamentally, b) [he] is entitled to absolute immunity." See Bankruptcy Judge's Response and Motion at 3. Notably, in Sadiq's Reply Brief and in Sadiq's Response, he repeats his request for the imposition of sanctions, each time increasing the amount demanded. See Appellant's Reply Brief (Doc. 14; Sadiq's Reply Brief), filed October 21, 2024, at 7 (requesting the imposition of $10,000,000 in sanctions); Sadiq's Response at 5 (requesting the

---

[4] The Bankruptcy Judge makes a limited appearance, arguing that the Court lacks personal jurisdiction over him because he was not served. See Bankruptcy Judge's Response and Motion at 1 n.1.

imposition of $50,000,000 in sanctions).[5] However, he provides no applicable legal authority supporting these requests.

Upon review, the Court concludes that Sadiq's requests for the imposition of sanctions against the Bankruptcy Judge are due to be stricken because they are procedurally improper and because Sadiq has failed to identify any legal or factual basis to support the imposition of sanctions. As to the procedural shortcomings of Sadiq's requests, Sadiq cites Civil Rule 11 but fails to explain the applicability of Civil Rule 11 to bankruptcy appeals, which generally are governed by the Federal Rules of Bankruptcy Procedure (Bankruptcy Rule(s)) and those Civil Rules that the Bankruptcy Rules specifically incorporate. See Sadiq's Initial Brief at 8; see generally Fed. R. Bankr. P. 8001 et seq. Notably, the Bankruptcy Rules do not incorporate Civil Rule 11, see generally Fed. R. Bankr. P. 1001 et seq., but in any event, both Civil Rule 11 and Bankruptcy Rule 9011 require that a request for sanctions "be made separately from any other motion," "describe the specific conduct that allegedly violates" the rule, and be served on the adverse party under the relevant Bankruptcy or Civil Rule (Bankruptcy Rule 7004 in bankruptcy proceedings and Civil Rule 5 in civil

---

[5] Sadiq made his first request in this Court for the imposition of sanctions against the Bankruptcy Judge in his First Appeal Notice, in which he requested the imposition of $500,000 in sanctions. See First Appeal Notice at 2.

proceedings). <u>See</u> Fed. R. Civ. P. 11(c); Fed. R. Bankr. P. 9011(c). Sadiq's requests for sanctions against the Bankruptcy Judge are not "made separately from any other motion or request," <u>see</u> Fed. R. Bankr. P. 9011(c)(2)(A); instead, they are simply embedded into other filings—first his First Appeal Notice, then in his briefs on the merits of his First Appeal, and again in response to the Bankruptcy Judge's Response and Motion. <u>See</u> First Appeal Notice at 2; Sadiq's Initial Brief at 8; Sadiq's Reply Brief at 7; Sadiq's Response at 5. As to the legal basis for the imposition of sanctions, Sadiq fails to explain why, even if the Bankruptcy Court violated his due process or equal protection rights by entering the 101A Order, the imposition of sanctions against the Bankruptcy Judge would be an appropriate remedy.[6] Under Bankruptcy Rule 8013, a motion made on appeal "must state with particularity the grounds for the motion, the relief sought, and the legal argument supporting it." Fed. R. Bankr. P. 8013(a)(2); <u>see also</u> <u>Sapuppo v. Allstate Floridian Ins. Co.</u>, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Although Sadiq cites <u>In re Sutton</u> and provides a partial transcript of a hearing from that case, absent

---

[6] The Court emphasizes that at this time, it need not and does not address the merits of Sadiq's appeal or whether the Bankruptcy Court's judgment is due to be reversed on due process or equal protection grounds.

- 6 -

from the discussion and decision reproduced in that transcript is any mention of when or why the imposition of sanctions against a United States Bankruptcy Judge would be proper. See generally Sadiq's Initial Brief at 13–80 (the partial transcript of a proceeding in In re Sutton); see also Case No. 3:23-bk-334-JAB (M.D. Fla. Bankr.), Doc. 62 (the complete transcript of the proceeding). No other legal basis for Sadiq's request for the imposition of sanctions against the Bankruptcy Judge is apparent.[7] In light of the foregoing, the Court concludes that Sadiq's requests for the imposition of sanctions against the Bankruptcy Judge are due to be stricken.

In the Bankruptcy Judge's Response and Motion, he also moves to be dismissed from the First Appeal because he "is not a proper party to this appeal and the Court lacks personal jurisdiction over him, due to defective service." See Bankruptcy Judge's Response and Motion at 2–3. Sadiq does not respond to this argument in his response, nor does he argue that the Bankruptcy Judge is properly designated as an appellee. See generally Sadiq's Response. Indeed,

---

[7] In the concluding paragraph of Sadiq's Initial Brief, he states, "[s]anctions pursuant to IN re: Paul Mann Case No. 03-82973 Bankr. M.D. N.C." See Sadiq's Initial Brief at 10. Sadiq does not explain the relevance of the cited bankruptcy docket, nor identify any particular proceeding of relevance in that case, but he may be referring to In re Mann, No. 03-82973 C-13, 2004 WL 574354 (Bankr. M.D.N.C. Mar. 8, 2004). In that case, the bankruptcy court sanctioned a creditor for violating the automatic stay. The Court finds the case has no applicability to whether the imposition of sanctions against the Bankruptcy Judge would be proper.

Sadiq provides no authority to support the proposition that a bankruptcy judge may properly be designated as an appellee in the appeal of one of the bankruptcy judge's orders. The Court concludes that the Bankruptcy Judge is due to be dismissed as an appellee because Sadiq has failed to explain why his designation is proper and because the Bankruptcy Judge is immune from Sadiq's requests for monetary relief.

Although Sadiq describes his requests for money from the Bankruptcy Judge as requests for sanctions, in essence Sadiq seeks damages arising from the Bankruptcy Judge's entry of the 101A Order, which Sadiq contends violated his constitutional rights. But judges—including United States Bankruptcy Judges—are immune from suit for such damages. See Pierson v. Ray, 386 U.S. 547, 553–54 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction … ."); see also Bush v. Wash. Mut. Bank, 177 F. App'x 16, 17 (11th Cir. 2006) (applying judicial immunity in affirming the dismissal of an action against a United States Bankruptcy Judge).[8] "As early as 1872, the Court recognized that it … [is] 'a general

---

[8] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P.

principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" <u>Stump v. Sparkman</u>, 435 U.S. 349, 355 (1978) (second alteration in original) (quoting <u>Bradley v. Fisher</u>, 80 U.S. 335, 347 (1871)). For these reasons, the Supreme Court has determined that judges cannot be held liable for their judicial acts even if those acts are corrupt, done with malice or in excess of the judges' jurisdiction. <u>See Stump</u>, 435 U.S. at 356; <u>see also</u> <u>Wahl v. McIver</u>, 773 F.2d 1169, 1172 (11th Cir. 1985). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." <u>William B. Cashion Nev. Spendthrift Tr. v. Vance</u>, 552 F. App'x 884, 885–86 (11th Cir. 2014) (quoting <u>Bolin v. Story</u>, 225 F.3d 1234, 1239 (11th Cir. 2000)).[9]

_____

32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[9] The Eleventh Circuit Court of Appeals has recognized that strong public policy arguments support upholding the doctrine of absolute judicial immunity:

In <u>Stump</u>, the Supreme Court recognized a two-part test to be used in determining whether a judge is absolutely immune from potential civil liability. <u>See</u> <u>Stump</u>, 435 U.S. at 356–62. The reviewing court must ask whether the judge was acting in a judicial capacity while dealing with the plaintiff, and whether the judge acted in the "clear absence of all jurisdiction." <u>Id.</u> at 356–57, 360. Only in circumstances where a judge acted in the "clear absence of all jurisdiction" or dealt with the plaintiff in a non-judicial capacity can the judge face civil liability for actions taken. <u>See</u> <u>id.</u> at 356–62.

Applying this framework, the Court readily concludes that judicial immunity bars Sadiq's requests for the imposition of sanctions against the Bankruptcy Judge. In striking Sadiq's Form 101A, the Bankruptcy Judge performed the normal judicial function of managing his docket and he engaged

---

First, and foremost, a judge must be free to act upon his own convictions, without apprehension of personal consequences; second, the controversiality and importance of the competing interests in a case before a court make it likely that the losing party may be overly willing to ascribe malevolent motives to the judge; third, judges faced with the prospect of defending damages actions and, perhaps, satisfying money judgments would be driven to wasteful and destructive self-protection devices and, moreover, may be less inclined to administer justice; fourth, alternative remedies such as appeal and impeachment reduce the need for private rights of action against judges; and fifth, the ease of alleging bad faith would make a qualified "good faith" immunity virtually worthless because judges would constantly be forced to defend their motivations in court.

<u>Dykes v. Hosemann</u>, 776 F.2d 942, 949 (11th Cir. 1985).

with Sadiq in a purely judicial capacity. Id. at 356–57; see also Bush, 177 F. App'x at 17–18 ("[I]ssuing an order is one of the 'paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court.'" (quoting Forrester v. White, 484 U.S. 219, 227 (1988)). Notably, a United States Bankruptcy Judge has explicit statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). When the Bankruptcy Judge struck Sadiq's Form 101A, he exercised that authority in a judicial capacity. Moreover, Sadiq does not contend that the Bankruptcy Judge was acting in the clear absence of all jurisdiction. See generally Sadiq's Initial Brief; Sadiq's Response; Sadiq's Reply Brief. Nor could he, considering that the Bankruptcy Judge had jurisdiction over Sadiq's Chapter 13 case. See 28 U.S.C. § 157(b). Indeed, even if the Bankruptcy Judge struck Sadiq's Form 101A in error or with malice, judicial immunity would bar Sadiq from seeking relief against him for that act. See William B. Cashion Nevada Spendthrift Trust, 552 F. App'x at 886 ("A judge is entitled to immunity 'even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" (quoting Bolin, 225 F.3d at 1239)). Having determined that the requests for the imposition of sanctions against the Bankruptcy Judge are due to be stricken and noting that the Bankruptcy Judge is entitled to judicial immunity for requests for damages

arising out of his striking Sadiq's Form 101A, the Court concludes that the Bankruptcy Judge is due to be dismissed from the First Appeal.

In resolving the request for relief set forth in the Bankruptcy Judge's Response and Motion, the Court emphasizes that at this time, **the Court does not address the merits of Sadiq's appeals.** Instead, the Court simply determines that the requests for sanctions against the Bankruptcy Judge are due to be stricken and the Bankruptcy Judge to be dismissed from this action.

Accordingly, it is

**ORDERED:**

1.    Hon. Jason Burgess's Response to Appellant's Opening Brief, and Motion to Strike Demand for Sanctions (Case No. 3:24-cv-1025-MMH, Doc. 11) is **GRANTED** to the extent Appellant, Qadiyr Sadiq's requests for the imposition of sanctions against the Honorable Jason Burgess (Case No. 3:24-cv-1025-MMH, Doc. 9 at 2, Doc. 10 at 8, Doc. 14 at 7, and Doc. 16 at 5; Case No. 3:24-cv-775-MMH, Doc. 1 at 2, Doc. 2 at 8, Doc. 9 at 7, and Doc. 11 at 5) are **STRICKEN** and the Honorable Jason Burgess is **DISMISSED** as an appellee from Case No. 3:24-cv-775-MMH.

2.    In all other respects, Sadiq's appeals are **TAKEN UNDER ADVISEMENT**.

3.     The Clerk of the Court is **DIRECTED** to **terminate** U.S. Courts as an appellee in Case No. 3:24-cv-775-MMH.

4.     When making future filings, the parties are **DIRECTED** to use the case caption used in this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of September, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record

- 13 -