**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

IN RE: QADIYR SADIQ

    Debtor.

                    Bankruptcy Case No. 3:24-bk-2053-BAJ

_____

QADIYR SADIQ,

    Appellant,


v.                                 Case No.  3:24-cv-1025-MMH


U.S. COURTS,

    Appellee.

_____

QADIYR SADIQ,
d/b/a Sadiq's Bistro,

    Appellant,


v.                                 Case No.  3:24-cv-775-MMH


DOUGLAS NEWAY,

    Appellee.

_____

## **O R D E R**

**THIS CAUSE** is before the Court on appeal from the United States Bankruptcy Court for the Middle District of Florida. Appellant, Qadiyr Sadiq, timely appeals the bankruptcy court's Order Dismissing Chapter 13 Case with Prejudice (Doc. 4-60; Dismissal Order), entered September 11, 2024.[1] See Debtor's Notice of Final Order of Dismissal of Chapter 13 Case (Doc. 1; Notice of Appeal); see also Case No. 3:24-bk-2053-BAJ (Bankruptcy Case).[2] Sadiq filed Appellant's Amended Initial Brief (Doc. 18) on December 20, 2024.[3] The Chapter 13 Standing Trustee, Douglas W. Neway (the Trustee), filed a response

---

[1] In this Order, citations to document numbers refer to the docket in Case No. 3:24-cv-1025-MMH. Citations to page numbers refer to the page numbers assigned by the Court's CM/ECF filing system.

[2] Sadiq filed an interlocutory appeal concerning the same underlying Bankruptcy Case on July 30, 2024. See Debtor's Notice of Appeal of Non-Final Order; Motion for San[c]tions; Motion to Stay All Action (Doc. 4-25; Interlocutory Appeal Notice); see also Sadiq v. Neway, Case No. 3:24-cv-775-MMH, ECF No. 1 (M.D. Fla. Aug. 1, 2024). In his interlocutory appeal, Sadiq challenges the bankruptcy court's decision to strike a form he filed titled "Initial Statement About an Eviction Judgment Against You," and labeled Official Form 101A. See Interlocutory Appeal Notice; see also Order Striking Official Form 101A (Doc. 4-11; 101A Order). On December 19, 2024, the Court consolidated Sadiq's interlocutory appeal with his appeal of the Dismissal Order. See Order (Doc. 8). Significantly, Sadiq's Official Form 101A and the 101A Order are wholly unrelated to the bankruptcy court's ultimate decision to dismiss Sadiq's Bankruptcy Case. As such, and because the Court finds that the Dismissal Order is due to be affirmed, the Court need not address Sadiq's arguments challenging the 101A Order.

[3] Sadiq filed a handwritten initial brief on December 19, 2024. See Appellant's Initial Brief (Doc. 17; Handwritten Brief). He filed the typed, Amended Initial Brief the next day. Because the Amended Initial Brief is timely filed, see Order Granting Extension of Time (Doc. 7), the Court considers Sadiq's arguments in the Amended Initial Brief and disregards the Handwritten Brief.

brief on January 28, 2025.  See Answer Brief of Appellee (Doc. 19; Response). Sadiq filed a reply brief on March 6, 2025.  See Appellant's Response Brief to Appellee's Answer Brief (Doc. 21; Reply).[4]  No party requested oral argument. Accordingly, this matter is ripe for review.[5]

## I.  Background

On July 18, 2024, Sadiq filed a petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code, see 11 U.S.C. § 1301 et seq., in the United States Bankruptcy Court for the Middle District of Florida, see Voluntary Petition for Individuals Filing for Bankruptcy (Doc. 4-5).  On July 22, 2024, the bankruptcy court entered an Official Form 309I "Notice of Chapter 13 Bankruptcy Case" which scheduled the meeting of creditors for August 19, 2024, and set an initial confirmation hearing on Sadiq's Chapter 13 plan for September 10, 2024 (the Confirmation Hearing).  See Notice of Chapter 13

---

[4] Although Sadiq's Reply is untimely, the Court exercises its discretion in the interests of justice to consider the Reply given Sadiq's pro se status.  See Order Granting Extension of Time at 2 (setting a reply deadline of February 13, 2025); see also Reply at 5 (asserting that he did not receive the Response until February 9).

[5] The Court notes that Sadiq includes a request for a stay pending appeal at the conclusion of his Initial Brief and again in his Reply.  See Amended Initial Brief at 5; Reply at 5.  However, pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure (Bankruptcy Rule(s)), a request for a stay pending appeal must be made via motion and, absent a showing of impracticability, must be made first in the bankruptcy court.  See Bankruptcy Rule 8007(a)(1)(a); (b)(2)(A).  Because Sadiq made no attempt to comply with Bankruptcy Rule 8007, the Court has not considered his improper requests for a stay pending appeal.

Bankruptcy Case (Doc. 4-15; Scheduling Notice) at 2. The Scheduling Notice specifically informed Sadiq that he "must attend the Initial Confirmation Hearing." Id. at 2. The bankruptcy court filed the Scheduling Notice a second time on August 7, 2024. See Notice of Chapter 13 Bankruptcy Case (Doc. 4-36).

On August 19, 2024, the meeting of creditors convened as scheduled but the Trustee continued the meeting because Sadiq had "not provided photo ID or proof of social security yet." See Transcript of 341 Meeting of Creditors (Doc. 25-2) at 4-5. The continued meeting of creditors was held on September 9, 2024. See Docket Report (Doc. 4-4) at 3. According to the Trustee, Sadiq appeared at the September 9, 2024 meeting of creditors via Zoom from Atlanta, Georgia. See Transcript of Confirmation Hearing (Doc. 25-1; Hr'g Tr.) at 2-3.[6] The next day, on September 10, 2024, the Confirmation Hearing took place as scheduled. See Pro Memo (Doc. 4-58). It is undisputed that Sadiq did not attend the Confirmation Hearing. See Hr'g Tr. at 2.

At the Confirmation Hearing, the Trustee, through counsel, advised the Bankruptcy Judge that "[c]oming out of that 341 meeting, there are multiple

---

[6] Although Sadiq failed to file transcripts of the bankruptcy court proceedings, the Court, in an abundance of caution and considering his pro se status, granted him an extension of time to do so. See Order (Doc. 22), entered April 18, 2025. Sadiq then filed a transcript of the August 19, 2024 meeting of the creditors, and the September 10, 2024 Confirmation Hearing. See Supplemental Bankruptcy Record (Doc. 25), filed May 8, 2025. Sadiq did not provide a transcript of the September 9, 2024 meeting of the creditors.

issues that the Trustee has" with Sadiq's Bankruptcy Case. Id. at 2. First, the Trustee identified a venue problem, asserting, among other things, that Sadiq owns property and resides in Georgia, claims homestead in Georgia, owns and operates a business in Georgia, and furnished a Georgia driver's license to the Trustee's office. Id. at 2–3. The Trustee also pointed to a Chapter 13 bankruptcy petition that Sadiq had previously filed in Atlanta, Georgia. Id. at 3-4. The Trustee explained that the bankruptcy court in Georgia had dismissed the petition just three months before Sadiq filed the instant case, and the matter was then pending on appeal in the Northern District of Georgia. Id. at 4.[7] In addition to the venue issue, the Trustee expressed concern that the pending appeal in Northern Georgia created a concurrent jurisdiction problem in this case. Id. at 4. Last, the Trustee identified various technical problems with Sadiq's case. Id. at 4-5. In light of these issues and considering Sadiq's failure to attend the Confirmation Hearing, the Trustee asserted that the

---

[7] Sadiq's bankruptcy case in the Northern District of Georgia is In re Sadiq, Case No. 23-bk-60982-jwc, ECF No. 1 (N.D. Ga. Bankr. filed Nov. 6, 2023) (voluntary petition). The bankruptcy court dismissed Sadiq's case at a hearing on March 26, 2024, and Sadiq appealed that decision to the district court in the Northern District of Georgia. See In re Sadiq, Case No. 1:24-cv-1561-TRJ, ECF No. 1 (N.D. Ga. filed Apr. 12, 2024) (notice of appeal). At the time of the Dismissal Order in this case, that appeal was still pending. Several months later, on March 13, 2025, the district court in Northern Georgia affirmed the dismissal of Sadiq's bankruptcy petition. See id., ECF No. 15 (order affirming dismissal). Although Sadiq appealed that decision to the United States Court of Appeals for the Eleventh Circuit, his appeal was dismissed for failure to prosecute. See id., ECF No. 17 (notice of appeal), filed April 16, 2025, and ECF No. 22 (Clerk's Order of Dismissal), entered May 13, 2025.

bankruptcy court should either "dismiss this case, or maybe send venue to the Northern District [of Georgia]." Id. at 5.

After hearing from the Trustee, the Bankruptcy Judge observed that there were "multiple problems with this case" and made the following findings:

> I've reviewed the Georgia case, as well as the appeal. Various motions for contempt have been filed in the appeal against creditors as well as the District Court Judge. They have been filed literally verbatim, identical to the ones that are filed in this case, with the only change being instead of the District Court Judge, it would be me listed in the motions down here. But other than that, they are literally word-for-word the same.
>
> On top of the venue issue, I don't think I even have jurisdiction to continue with a Chapter 13 case when the jurisdiction is in the Northern District of Georgia District Court currently. That, on top of everything else you've stated, I will dismiss this case with prejudice. Any future filing should be filed in the appropriate venue, which is the Northern District of Georgia. If you will prepare that, I will get it signed in due course.

Hr'g Tr. at 6.

The Bankruptcy Judge entered the Dismissal Order the next day. See Dismissal Order. In the Dismissal Order, the bankruptcy court stated, "[u]pon hearing and [Sadiq] failing to appear, the Court makes those findings announced on the record. The Court has determined that this case was filed in bad faith, in the wrong venue, and in violation of the spirit and intent of the Bankruptcy Code." Id. at 1. The bankruptcy court then ordered, in relevant part, as follows:

- 6 -

1. The case is dismissed with prejudice.

   . . .

5. The Debtor, and any person claiming an interest by, through, and/or under the Debtor, shall be prohibited from filing any future bankruptcies under Title 11 of the United States Bankruptcy Code, in the Middle District of Florida. Any filing in violation of this Order will be considered null and void and will neither affect nor act as a stay against any of the Debtor's creditors listed in the instant case or any of the prior bankruptcy cases.

6. All pending motions that the Court has not ruled upon are Denied as Moot.

Id. at 1–2.

## II.    Issues on Appeal

Pursuant to Bankruptcy Rule 8009(a)(1)(A), an appellant must file with the bankruptcy clerk "a statement of the issues to be presented." On October 7, 2024, Sadiq appears to have complied with this Bankruptcy Rule by filing a document in the bankruptcy court titled Appeal Cover Sheet. See Appeal Cover Sheet (Doc. 4-2). In this document, Sadiq identifies the sole issue on appeal as "Violations of Procedural Due Process Clause of the Fifth Amendment of the U.S. Constitution." Id. Sadiq identifies the same singular issue in his Amended Initial Brief under the heading "Statement of the Issue." See Amended Initial Brief at 2. Notably, Sadiq does not challenge the merits of the Bankruptcy Judge's decision as to jurisdiction, venue, or any other matter. Accordingly, the

sole question for this Court on appeal is whether the entry of the Dismissal Order violated Sadiq's procedural due process rights.[8]

Before proceeding to the due process analysis, the Court notes that throughout his briefing Sadiq requests the imposition of sanctions against various people, including the Bankruptcy Judge and the undersigned. See id. at 7, 8; Reply at 7, 8. In doing so, Sadiq invokes Rule 11 of the Federal Rules of Civil Procedure (Rule(s)). These requests for sanctions, which are merely embedded within Sadiq's appellate briefs, are procedurally improper and will not be addressed. See Bankruptcy Rule 9011(c)(1)(A) ("A motion for sanctions

---

[8] In his Amended Initial Brief and Reply, Sadiq makes vague and conclusory references to other purported reasons this Court should reverse the bankruptcy court's decision such as alleged bias or violations of the Bankruptcy Code. However, these issues are not inferable from the identified procedural due process issue and are deemed waived. See Bankruptcy Rule 8009(a)(1)(A) (formerly Bankruptcy Rule 8006); Snap-On Tools, Inc. v. Freeman (In re Freeman), 956 F.2d 252, 255 (11th Cir. 1992) ("An issue that is not listed pursuant to [Bankruptcy Rule 8006] and is not inferable from the issues that are listed is deemed waived and will not be considered on appeal."); see also Powers v. Chadwell Homes of Ala. LLC (In re Powers), 860 F. App'x 159, 161 (11th Cir. 2021) (finding arguments that the bankruptcy court was biased and committed fraud by not recusing were not properly raised because appellants did not identify the failure to recuse in their statements of issues on appeal pursuant to Bankruptcy Rule 8009(a)(1)(A)). Regardless, passing references to other purported errors, made without citation to legal authority or the underlying record, are insufficient to raise these issues on appeal. See Garcia v. Bank of America, N.A. (In re Garcia), 725 F. App'x 911, 913 (11th Cir. 2018) ("A party fails to adequately 'brief' an issue—and thus abandons it—when the party 'does not plainly and prominently raise it,' 'makes only passing references to it,' or 'raises it in a perfunctory manner without supporting arguments and authority.'" (quoting Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014))); Freeze v. Sec'y, Dept. of Children & Families, 825 F. App'x 606, 609 (11th Cir. 2020) ("These conclusory statements, which are unsupported by any coherent argument, are insufficient to raise an issue for appeal."); see also Bankruptcy Rule 8014(a)(8).

must be made separately from any other motions or request . . . ."); Rule 11(c)(2)

("A motion for sanctions must be made separately from any other motion . . . .");

see also Madura v. BAC Home Loans Serv., L.P., 773 F. App'x 1053, 1057 n.1

(11th Cir. 2019)[9] (denying a request for sanctions embedded in a brief because

it violated court rules requiring that such a request be set forth in a separate

motion).[10]

---

[9] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[10] Sadiq does make one request for sanctions that is arguably set forth in a separate motion. See Debtor Appellant Memorandum of Argument Pertaining to Sanctions (Doc. 20; Motion for Sanctions), filed on February 4, 2025. In this document, Sadiq seeks millions of dollars in sanctions against a creditor and a Georgia state magistrate judge. Although difficult to decipher, Sadiq appears to assert that he is entitled to sanctions because these individuals violated the automatic bankruptcy stay. The purported violations appear to be a motion the creditor filed in Georgia state court on November 7, 2024, and the judge's order entered on January 23, 2025. Regardless of the myriad other problems with Sadiq's request for sanctions, it is plainly frivolous because there was no bankruptcy stay in place at the time.

Given Sadiq's previous bankruptcy case in the Northern District of Georgia, it appears that the automatic stay in this case expired after thirty days, on August 17, 2024, pursuant to 11 U.S.C. § 362(c)(3)(A). But even if the thirty-day limit did not apply, the automatic stay otherwise expired when the bankruptcy court dismissed Sadiq's case on September 11, 2024. See 11 U.S.C. § 362(c)(2)(B). Neither this Court nor the bankruptcy court granted a stay pending appeal. Indeed, following his appeal of the Dismissal Order, Sadiq did not file a motion seeking a stay in either court. See Bankruptcy Rule 8007. As such, Sadiq's request for sanctions on this basis is without merit. Notably, Sadiq appears to have made a similar request for sanctions, against the same individuals, in the Northern District of Georgia. See In re Sadiq, No. 1:24-cv-1561-TRJ, 2025 WL 1199448, at *1, 3 (N.D. Ga. Mar. 13, 2025). His request was denied because the automatic stay had expired in that bankruptcy case as well. Id.

### III. Jurisdiction and Standard of Review

This Court has jurisdiction to hear an appeal from a final judgment entered by a bankruptcy court. See 28 U.S.C. § 158(a)(1). In functioning as an appellate court, the Court reviews de novo the legal conclusions of a bankruptcy court "but must accept the bankruptcy court's factual findings unless they are clearly erroneous." See Rush v. JLJ Inc. (In re JLJ Inc.), 988 F.2d 1112, 1116 (11th Cir. 1993). Whether the procedures afforded to Sadiq in the bankruptcy court were sufficient to satisfy the requirements of due process is a question of law that the Court reviews de novo. See Jackson v. Le Centre on Fourth, LLC (In re Le Centre on Fourth, LLC), 17 F.4th 1326, 1332 (11th Cir. 2021).

### IV. Discussion

"[T]he central meaning of procedural due process" is well established: "'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.'" See Fuentes v. Shevin, 407 U.S. 67, 80 (1972) (citation omitted); see also Jordan v. Benefits Review Bd. of U.S. Dep't of Labor, 876 F.2d 1455, 1459 (11th Cir. 1989) ("Minimum due process requires that before an individual may be deprived of property he be given notice and an opportunity for a hearing."); McSmith v. Bank of Am., N.A. (In re McSmith), 671 F. App'x 775, 776 (11th Cir. 2016). Here, Sadiq asserts that the Bankruptcy Court violated his Fifth Amendment

due process rights by "dismissing this case without a hearing and without notice and without affording the chapter 13 debtor a mandated hearing . . . ." <u>See</u> Amended Initial Brief at 3; Reply at 3.

Upon review, the Court finds Sadiq's broad and conclusory contention that his case was dismissed "without a hearing and without notice" to be flatly contradicted by the record. Significantly, Sadiq does not dispute that the Bankruptcy Court held a Confirmation Hearing in his case, nor does he dispute that he failed to appear at that Hearing. Sadiq does not argue that he was unaware of the Confirmation Hearing or his obligation to attend. To the contrary, the record establishes that notice of the Confirmation Hearing and the requirement that he attend was provided to Sadiq in the Official Form 309I, filed in the Bankruptcy Court on July 22, 2024, and again on August 7, 2024. Sadiq offers no explanation whatsoever for his failure to appear at the Confirmation Hearing. Thus, contrary to the statements in his brief, the record reflects that Sadiq did receive notice and a hearing but elected not to avail himself of his opportunity to be heard.

Significantly, Sadiq fails to present any argument as to why the notice provided to him in the bankruptcy court was constitutionally inadequate, or why the hearing which he opted not to attend does not constitute an opportunity

to be heard sufficient to satisfy the requirements of the Due Process Clause.[11] Indeed, Sadiq's due process argument is nothing more than an unadorned legal conclusion, unsupported by any arguments, and without reference to the factual record or citation to any legal authority.  See Sapuppo, 739 F.3d at 681-82; see also Johnson v. Razdan, 564 F. App'x 481, 484 (11th Cir. 2014) ("Although pro se briefs are to be construed liberally, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal."); Lowery v. Jefferson Cnty. Racing Ass'n, No. 25-12093, 2026 WL 111705, at *3 (11th Cir. Jan. 15, 2026) ("[A]ppellants do not adequately address issues that they mention only in passing or that are unsupported by arguments and authority.").  Because Sadiq was provided notice and a hearing prior to the dismissal of his case, and absent any argument challenging the constitutional adequacy of those procedures, the Court finds the Dismissal Order is due to be affirmed.

---

[11] Because the record does not reveal what matters were discussed at the September 9, 2024 meeting of the creditors, which Sadiq attended the day before the Confirmation Hearing, it is unclear whether Sadiq was informed of the Trustee's concerns regarding venue, jurisdiction, or other technical matters.  Notably, Sadiq does not argue that he was unaware of the issues to be addressed at the Confirmation Hearing or the consequences for failing to attend.  The Court declines to make arguments on his behalf, particularly given the lack of a complete record.  See Echeverry v. Weiner (In re Echeverry), 720 F. App'x 598, 600-01 (11th Cir. 2018) (finding that the pro se appellant's failure to provide a record of the proceedings necessary for the court to conduct a full and meaningful review warranted application of the absence-equals-affirmance rule).

Accordingly, it is

**ORDERED:**

1.    The Order Dismissing Chapter 13 Case With Prejudice is **AFFIRMED**.

2.    The Clerk of Court is directed to enter judgment, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of March, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Copies to:

Pro Se Party
Counsel of Record

- 13 -